† INHAB'TS OF EASTPORT *versus* INHAB'TS OF EAST MACHIAS.

Where a lunatic taken up in a town in which he has no legal settlement, is committed to the hospital according to the requirements of the statute, for the expenses of his support, the town are responsible to the hospital.

But such expenses, on due notice given, may be collected of the town where such lunatic has a legal settlement.

In such cases the cause of action originates at the time *payment* is made to the hospital; and the limitation bar then begins to run.

ON FACTS AGREED.

ASSUMPSIT, to recover expenses paid to the Insane Hospital for the support of Elizabeth Howard, whose legal settlement is in East Machias.

This suit was commenced on Nov. 13, 1854, and the expenses were paid to the hospital on July 1st and 24th, 1854, for her support from May 23, 1850 to June 1, 1854, according to the account furnished.

In November, 1849, Mrs. Howard was duly committed to the hospital by the selectmen of Eastport, under the Act of 1847 relating to the Insane Hospital, and under that process has remained there ever since.

In August, 1850, the plaintiffs commenced a suit against the defendants for the expense of her removal to the hospital, and for her support there until May, 1850. That action was defended both as to the legality of the proceedings in committing the woman to the hospital and as to her settlement.

That action was not decided until the April term, 1854, when plaintiffs recovered the amount claimed and costs of suit.

The regulations of the Insane Hospital require that the expenses of its patients be paid every six months, but in this case they were delayed at the request of plaintiffs, on account of the pendency of that suit.

On July 1st and Aug. 1st, 1854, the overseers of the poor of Eastport notified the overseers of East Machias that they had been made chargeable for the support of Mrs. Howard

by the Insane Hospital, and had paid them the sum sued for, setting forth the proceedings in relation to her, and that she remained at the hospital and requesting payment, and notifying them that they should look to them for any future payments they might be compelled to make.

No other notice had been sent to the defendants excepting that anterior to the commencement of the former action against them.

If, on these facts, the plaintiffs are not entitled to recover, a nonsuit is to be entered; if otherwise, a default is to be entered, and judgment for such sum as plaintiffs are entitled to.

*J. A Lowell*, for defendants.

1. The plaintiffs in any event can only recover the expenses incurred within three months next before the written notice given to defendants; and the action must be brought within two years after the cause of action has arisen. R. S., c. 32, § 29. And this provision for notice applies to cases for the support of the insane, under § 11 of c. 33 of Acts of 1847.

2. The notice given prior to the commencement of the first suit had had its full effect and operation, and no action can be maintained for subsequent expenses without a new notice. And the notice must be within three months after the expenses are *incurred,* and not within three months after the expenses are *paid. Greene* v. *Taunton,* 1 Greenl. 228; *Sidney* v. *Augusta,* 12 Mass. 316; *Hallowell* v. *Harwich,* 14 Mass. 188; *Walpole* v. *Hopkinton,* 4 Pick. 357; *Palmer* v. *Dana,* 9 Met. 587.

3. But if no new notice was necessary, then the recovery can only reach back two years before suit. The statute and cases cited confirm this position.

*Hayden,* for plaintiffs, cited R. S., § 11, c. 33 of Acts of 1847; *Worcester* v. *Milford,* 18 Pick. 379; R. S. of Mass. c. 48, § 10; *Cooper* v. *Alexander,* 33 Maine, 453; *Insane Hospital* v. *Belgrade,* 35 Maine, 497; *Eastport* v. *East Machias,* 35 Maine, 402.

RICE, J. — The legal settlement of the pauper had been determined by previous litigation between the parties. It is not controverted, that the plaintiffs have paid the amount which they now claim to recover for the support of the pauper. But the defendants deny, that the plaintiffs are entitled to recover for any thing more than two dollars per week, (that being the sum per week paid by them to the Insane Hospital, for the board of the pauper,) for the three months next preceding the notice of July 1, 1854; or at the extent, that they are only entitled to the amount paid for board, &c., furnished the pauper during the two years next preceding the date of the writ.

In the former action between these parties, 35 Maine, 402, all expenses which had been paid by the plaintiffs for the support of the pauper, before May 23, 1850, were adjusted by the defendants. No notice in writing was given by the plaintiffs to the defendants between May 23, 1850, and July 1, 1854.

It was decided in *Hallowell* v. *Harwich*, 14 Mass. 188, that in a suit for maintaining a pauper, a notice given to the overseers of the defendant town, previously to the commencement of a former suit between the same parties, for supporting the same pauper, could not be recurred to as sufficient to support the second action; but that every new cause of action must be prosecuted according to the requisitions of the statute, without the aid of the notice given previously to the former suit. The same doctrine was affirmed in *Walpole* v. *Hopkinton*, 4 Pick. 357, and in many other cases cited in the argument. It has also been settled, that expenses incurred more than two years before action brought for the support of paupers, were barred by the limitation applicable to this class of actions.

This class of cases was based upon statute provisions similar to those found in § 29, c. 32, R. S., which required the notice to be given within three months, and the action to be brought within two years, after the expenses for the relief of the pauper had been *incurred.*

This case is based upon the provisions of § 11, c. 33 of the laws of 1847. By that section, towns in which insane persons reside, or are commorant, at the time they are committed to the Insane Hospital, are liable for the expense of committing to, and supporting in the Insane Hospital such insane person, in the first instance. But the same section also provides, that "no provision of this Act shall prevent any city or town, which has been made chargeable, *and shall have paid* for committing and supporting any insane person in the hospital, from recovering the same of the patient, if able, or of his or her friends liable for his or her support."

Under § 29 of c. 32, R. S., the right of action accrues when the expenses are *incurred.* Under the statute of 1847, c. 33, § 11, the right only accrues when the town which is made liable in the first instance has *paid* the expenses which have been incurred. This is a material change, and was undoubtedly designed to modify the general law for the relief of paupers, when applied to those who had been committed to the Insane Hospital.

Nor is there any thing perceived in the provision, that " such expense is to be recovered from any city or town in the same manner as if incurred for the ordinary expense of any pauper," which conflicts with this construction. The notice required by the statute, in both cases, must be in writing. The action is also barred in two years from the time the right of action accrues in both cases. The modes of proceeding are in all respects alike in both. The only distinction is, that in one the right of action accrues at the time the expense is *incurred,* in the other, at the time the expense is *paid.*

In the case at bar, the right of action originated when the expenses incurred by the plaintiffs for the support of the pauper at the hospital were paid to the hospital. The notice was therefore seasonably given, and the action seasonably brought, to entitle the plaintiffs to recover the whole sum sued for.

A default must be entered, and judgment for four hundred

and fifty dollars and ninety three cents, and interest thereon, from the date of the writ.